## TERRITORY *v.* LESLIE FORREST.

## No. 1409.

EXCEPTIONS FROM CIRCUIT COURT FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

SUBMITTED NOVEMBER 14, 1922.          DECIDED JANUARY 4, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CHECKS—*post-dated, without funds—intent to defraud.*

> An intent to defraud is an essential of the offense created by R. L., Sec. 4007, relating to the issuance of checks without funds in the bank.

SAME—*evidence of good faith—prospective ability to pay.*

> Under a charge for violating R. L., Sec. 4007, evidence is admissible tending to show the belief of the maker of the check, at the time of its issuance, of his ability, upon the date named in the check, to meet it and also of the facts upon which the belief was based.

### OPINION OF THE COURT BY PERRY, J.

The appellant was convicted by the circuit court (jury waived) upon the charge that he did "with intent to defraud" the complainant, "wilfully draw, utter and deliver" to the complainant "a certain check drawn upon The People's Bank, Ltd., payable to the order of" the complainant "and for the sum of Five Hundred ($500.00) Dollars, knowing at the time of such drawing, uttering and delivery of said check," to complainant "that he," the defendant, "had not sufficient funds in or credit with the said The People's Bank, Ltd., to meet said check in full upon its presentation." The undisputed evidence was that, on December 17, 1921, the defendant applied for and received from the complainant a loan of five hundred dollars and gave him, by way of payment, security or evidence, a check dated December 21, 1921, and that at

that time the complainant understood from the post-dating of the check that the defendant had at that time no funds in bank with which to meet it. The evidence of the complainant was that the defendant at the same time informed the complainant that he, the defendant, would on December 21, 1921, the date of the check, have sufficient funds in the bank with which to meet the check.

The case comes to this court on a bill of exceptions, the third exception being to the refusal of the court to permit the defendant to give testimony tending to show that at the time that he gave the check to the complainant, he "had money coming to him from various sources sufficient to have met this check." The question presented by the briefs is whether this evidence would be material.

The charge was substantially in the language of the statute (R. L., Sec. 4007), which reads: "Any person who, with intent to defraud, wilfully makes or draws, or utters or delivers to another person any check or draft on a bank, banker or depository for the payment of money, knowing at the time of such making, drawing, uttering or delivery that he has not sufficient funds in or credit with such bank, banker or depository, to meet such check or draft in full upon its presentation, shall be deemed guilty of a misdemeanor." This statute names four essential ingredients of the offense which it defines: (1) the issuance of a check, (2) a lack of funds in the bank at the time of such issuance, (3) knowledge at the time on the part of the maker of such lack of funds and (4) an intent, at the time of the issuance of the check, to defraud. The element here last named is as necessary a part of the offense as are the three others. The section names it as an ingredient and we see no room by way of construction for holding that it is not thus essential. On the contrary, the legislature, in passing Act 154 of the Laws of 1919 adding a new section to the chapter of

which section 4007 is a part, again shows its understand-
ing and intention that the intent to defraud is an element
of the offense, for in this amendatory act it says that "in
any prosecution   *   *   *   as against the maker   *   *   *
of any such check   *   *   *   the uttering   *   *   *   of
any such check   *   *   *   shall be prima facie evidence
(1) of intent to defraud and (2) of knowledge of insuf-
ficient funds in or credit with such bank or other deposi-
tory" (the figures here in parentheses are ours). To hold
that an intent to defraud is not an indispensable in-
gredient of the offense created by section 4007 would be
to hold that the mere issuance of a post-dated check
without funds in the bank at the time and with knowledge
of such lack of funds would be an offense irrespective of
the intent of the maker and of his prospects with refer-
ence to the having of funds in the bank at the date which
the check bears. It would be the equivalent of declaring
that the section under consideration makes it a punish-
able offense for a person to issue a post-dated check who
at the time is moved by the belief that the funds will be
be in bank on the date of the check and whose belief is
based upon the best of prospects that the funds will be
then available, as, for example, that a promissory note
in twice the amount required will fall due to him two
days prior to the date of the check from a person of the
highest integrity and undoubted financial credit in the
community. This clearly the statute does not contemplate
when it provides that they shall be punished who issue
such checks "with intent to defraud." The provision
obviously means that they shall not be so punished who
issue the check in the best of good faith and without an
intent to defraud.

It was erroneous, therefore, not to have permitted the
defendant to introduce evidence tending to show the
absence, at the time of the issuance of the check, of an

intent to defraud, his belief at that time that on the date named in the check he would have sufficient funds in the bank with which to meet the check and also the facts, existing at the time of the issuance of the check, upon which he based his belief. This evidence being received, it would then be the duty of the trial court to weigh it together with the remaining evidence in the case and then to say upon all of the evidence whether it believes that there was or that there was not an intent to defraud.

The first exception was to the refusal of the court to receive evidence that after December 21 the check was paid in full. In this the court did not err. The subsequent fact of payment could not wipe out the offense if one had been committed and would not in any way throw light upon the question of whether or not the offense was committed.

It will be unnecessary to pass upon the sufficiency of the evidence to support a conviction since the evidence upon a second trial may or may not be the same.

The third exception is sustained, the conviction is set aside and a new trial is granted.

*W. H. Beers,* County Attorney of Hawaii and Deputy Attorney General, for the Territory.

*W. T. Rawlins* and *H. Steiner* for defendant.